A. C. Tibbetts and others, appellants,

*vs.*

Mark Trafton and another.

Aroostook.    Opinion March 8, 1888.

*Insolvent law.    Practice.*

A creditor's claim against his debtor in insolvency, after it has been duly proved, cannot be disallowed except upon a petition in writing, sworn to by the party objecting to the claim.    The statute requires that the objections shall be in writing, and the rule of the insolvent courts requires a verification upon oath.

The insolvent courts had the power to establish the rule, which is neither unreasonable nor unconstitutional.

A creditor's claim is proved when it has been presented in due form after being verified in the manner required by law.    No hearing is necessary. The creditor's oath is *prima facie* proof of his claim.

On exceptions.

The point is stated in the opinion.

*King and King*, for appellants.

The judge of probate overruled the objection and allowed the claim to stand proved, on the ground that the objecting creditors had not complied with rule ten of the insolvency court.

Section 25 of c. 70, Revised Statutes, referring to proof of claims, says, "Any. . . . person interested, may at any time before final dividend, file objections in writing to the allowance of such claim, and thereupon the judge may upon such notice as he directs, order a hearing upon the same."

*George Donworth*, for the defendants, cited : R. S., c. 70, § § 12, 25 ; *Cushing* v. *Field*, 9 Met. 180 ; *Ex parte Morgan*, 78 Maine, 36 ; *Palmer* v. *Dayton*, 4 Cush. 270 ; *Eddy's Case*, 6 Cush. 28.

Peters, C. J.    A creditor, proving his own claim against an estate in insolvency, disputes the claim of another creditor of the estate, and files a written motion to have the latter claim

disallowed. The case came up by appeal from the insolvency court, and reaches this court on exceptions to an order dismissing the appeal for want of jurisdiction.

Section 25, c. 70, R. S., provides in what manner any creditor may contest any other creditor's claim. It sets forth, among other things, that the assignee, or any other person interested, may at any time before final dividend, file objections in writing thereto, and then certain proceedings are to be had thereon. The rules adopted by the insolvency court impose certain formalities not required by the statute. Rule ten provides that no claim, once regularly proved, shall be expunged or reconsidered, except upon the formal petition of some person interested, verified by oath. The rule requires an oath, while the statute does not.

A claim is proved when in due form it has been presented, after being verified in the manner required by law. The word proved, does not, in this connection, imply that there has been any hearing upon the claim. The creditor's oath is *prima facie* proof of his claim. He need not follow it to court, but may transmit it there in such way as he sees fit. After presentation, the claim can never be disturbed or disputed except in the manner before explained. The judge may, no doubt, reject the claim, that is, refuse to accept and file it, if upon inspection it appears to be informal, and perhaps also if the proofs upon their face indicate that the claim is illegal. But if this be done, inasmuch as it would be an unusual thing and not to be anticipated, the creditor should have seasonable notice of such action, in order to protect his claim against the objection, if he can do so. The judge may also, by special provision, postpone, until after an assignee is chosen, the proof of any particular creditor, whose claim may seem doubtful or suspicious to him. In other words, he may refuse to allow any particular claimant to participate in the organization. Subject to these qualifications, a claim regularly made out and verified, and transmitted to the court, should be regarded as proved and allowed, unless challenged in the formal manner required by section 25 and rule 10.

In bankruptcy, says Mr. Robeson, in his book on the subject,

proof denotes not only the operation of proving the existence of a debt, but also the declaration, affidavit, etc., by which debts are actually proved; and hence, " to prove against the estate," means to bring forward a claim in that way. Expunging and reducing proof is to reject the claim retrospectively as it had been made, or reducing the amount on which dividend may be made, as if originally made for the smaller sum.

In the case at bar the judge of insolvency refused to entertain the petition of the contestant, because it was not verified by oath, and for other informality. To avoid this result, the contestant contends that rule ten does not bind him, because it is variant from the statute. We do not concede as much, but, on the other hand, consider the statute, as supplemented by the rule, to be a wise provision. In these estates, creditors are usually numerous, many of them residing at various distances from the court, and many of their claims are small. After their claims have been regularly filed, they should be allowed to repose on the certainty of their allowance, unless the opposition to any claim is inaugurated by formal, written objections under oath. There should at least be oath against oath. Such precaution is necessary to prevent frivolous and malicious objections.

It is a great concession for the statute to allow to creditors the right of appeal in such cases. Few insolvent laws are so liberal as our own in this respect. *Freeland* v. *Bank*, 16 Gray, 137. In most, if not all, the systems in other states, the appeal is allowed against a claim, only to the assignee, the administrative head of the estate. Under our law, any creditor may maintain an appeal on every other creditor's claim. Stringent rules of procedure are required to prevent an abuse of the right.

*Exceptions overruled.*

WALTON, LIBBEY, EMERY, FOSTER and HASKELL, JJ., concurred.